UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DONAVEON LIGHTBOURN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:18-CV-208-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, USP MCCREARY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Donaveon Lightbourn is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Lightbourn recently filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Lightbourn's latest petition.

In 2008, a federal jury in Miami, Florida found Lightbourn guilty of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the trial court determined that Lightbourn was subject to an enhanced sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had at least three prior convictions for a violent felony or serious drug offense. Ultimately, the trial court sentenced Lightbourn to 293 months in prison. *See United States v. Lightbourn*, No. 1:08-cr-20367 (S.D. Fla. 2008).

Lightbourn filed a direct appeal, but the United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence. *See United States v. Lightbourn*, 357 F. App'x 259 (11th Cir. 2009). Lightbourn subsequently moved the trial court to vacate his conviction pursuant to 28 U.S.C. § 2255, but his efforts were unsuccessful. *See Lightbourn v. United States*, No. 0:11-

cv-61089 (S.D. Fla. 2011). Lightbourn later filed a § 2241 petition with the United States District Court for the Middle District of Florida, but that court denied his petition. *See Lightbourn v. Warden*, No. 5:15-cv-416 (M.D. Fla. 2015). Finally, Lightbourn recently filed a § 2241 petition with this Court, but his petition failed to establish viable grounds for relief and, therefore, the Court denied the petition. *See Lightbourn v. Ormond*, No. 6:18-cv-161-CHB at R. 5 (E.D. Ky. June 22, 2018).

Lightbourn has now filed another § 2241 petition with this Court, and he challenges the validity of his sentence. [R. 1]. Lightbourn argues that, in light of recent Supreme Court cases, including but not limited to *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior Florida convictions for battery upon a law enforcement officer no longer qualify as "violent felonies" for purposes of an ACCA enhancement. Lightbourn also argues that at least one of his prior drug convictions did not constitute a valid predicate offense for purposes of an ACCA enhancement because he pled *nolo contendre* to that charge.

Lightbourn's § 2241 petition, however, constitutes yet another impermissible collateral attack on his underlying sentence. While a federal prisoner may challenge the legality of his sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Lightbourn cannot use a § 2241 petition as a way of challenging his underlying sentence.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can show, among other things, that "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Hill v. Masters*, 836 F.3d 591, 600 (6th Cir. 2016).

Here, even if the Court assumes that Lightbourn's prior Florida convictions for battery upon a law enforcement officer no longer qualify as "violent felonies" in light of new Supreme Court case law, the trial court determined that Lightbourn also had three different cocaine-related convictions that qualified as predicate offenses for purposes of an ACCA enhancement. *See Lightbourn v. Ormond*, No. 6:18-cv-161-CHB at R. 5 at 2 (E.D. Ky. June 22, 2018); *see also United States v. Lightbourn*, No. 1:08-cr-20367 at R. 83 at 10-11 (S.D. Fla. 2008) (discussing these convictions). Although Lightbourn puts forth arguments about at least one of these convictions, he has not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that even one of these previous drug convictions fails to qualify as a predicate offense for purposes of the ACCA. Thus, Lightbourn's § 2241 petition is simply unavailing.

Accordingly, it is **ORDERED** that:

1. Lightbourn's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. The currently pending Motion for Order for Respondent to Show Cause [**R. 3**] is **DENIED AS MOOT**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This the 16th day of August, 2018.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY